PEOPLE *ex rel.* GARDNER *v.* McCLAVE *et al.*, Commissioners.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

The dismissal of a policeman will not be disturbed on *certiorari* where there was a conflict of evidence before the commissioners.

*Certiorari* by Joseph A. Gardner to review a decision of John McClave and others, police commissioners, dismissing relator from the police force. For order directing further return as to production of witnesses, see 13 N. Y. Supp. 950, *mem.*

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Louis J. Grant*, for relator. *John J. Delany*, for respondents.

VAN BRUNT, P. J.   When the preceding writ was before the court upon a previous occasion (13 N. Y. Supp. 950, *mem.*,) the petition upon which the writ was issued containing an allegation that upon the trial the commissioners refused to allow certain witnesses to testify on behalf of the petitioner who were offered by him, who would have given evidence that would have entirely cleared the petitioner of the charge, and there being no notice of this allegation contained in the return, the court ordered that the respondents make a further return within 10 days as to such allegations respecting the production of witnesses upon the trial, and the refusal of the respondents to take such evidence.   In pursuance of this order a further return has been made, from which it appears that the counsel for the relator upon the trial offered to produce evidence that the complainants were disorderly and quarrelsome people; and this is all the evidence that the commissioners refused to receive.   This supplemental return disposes entirely of the point raised in the petition, as upon the truth or falsity of the charge preferred against the relator the question as to whether the witnesses who were examined were quarrelsome people or not does not seem to have much pertinency.   The relator was charged with conduct unbecoming an officer, in that he did on the 25th of July, 1889, accost the wife of one Charles A. Quinn, shook his finger in her face, threatened to have her arrested, and said to her that she was a kept woman, and living with a divorced man; and that on the same day he went to the place where Quinn was at work, and called him "a son of a bitch," and attempted to strike him with his umbrella.   The evidence of Quinn and his wife and the witness Emma Johnson fully substantiated the charge against the relator.   It is true that at this time the relator was not on duty; but, even if not on duty, the proper discipline of the police force would not permit him to act as a common ruffian.   The relator and his wife gave testimony which was contradictory of that offered by the complainants; and the evidence of the witness Susannah Gibson, who was sworn on behalf of the relator, tended to show that the wife of the relator and the wife of the complainant were not upon the most amiable terms.   But even this condition of affairs did not justify an officer in being guilty of the conduct which was sworn to as against him, and which the commissioners evidently believed to be true.   It further appears from the record of the relator that his conduct has frequently been such as to require the administration of discipline by the commissioners.   There was a conflict in the evidence, upon which it was the sole province of the commissioners to decide, and with which we cannot interfere, and we have no desire to do so upon this record if we had the power.   The objection that is now taken, that the defendant was sworn and examined as a witness, and that thereby some constitutional privilege of his was infringed, if under any circumstances there is any foundation for the same, does not arise in this case, because it does not appear that any such objection was made.   Upon the whole case as presented, it seems to us that no error was committed by the commissioners, and the writ should be dismissed, with costs.   All concur.